FILED by DJ D.C.
ELECTRONIC
Jun 26 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-CV-60674-CIV-COOKE/ BROWN

ROGER BENITES, on his own behalf
and others similarly situated,

        Plaintiff,

vs.

DELICIOUSLY HEALTHY, INC.,
and MERYL BRANDWEIN,

        Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendants, DELICIOUSLY HEALTHY, INC., and MERYL BRANDWEIN, by and through the undersigned counsel, and state the following in answer to, and in defense of Plaintiff's Complaint:

1.    In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff is attempting to bring this action pursuant to the FLSA but deny that Plaintiff is entitled to any relief thereunder. Defendants are without knowledge as to the identities of other alleged but unnamed "similarly situated" employees and therefore deny same and demand strict proof thereof.

2.    In response to Paragraph 2 of the Complaint, Defendants admit that they operate a business in Broward County, Florida.

3.    In response to Paragraph 3 of the Complaint, Defendants deny the allegations contained therein.

12pa

4. In response to Paragraph 4 of the Complaint, Defendants admit that Plaintiff is attempting to bring this action pursuant to the FLSA but deny that Plaintiff is entitled to any relief thereunder.

5. In response to Paragraph 5 of the Complaint, Defendants deny that they had gross sales in excess of $500,000 and further deny that Plaintiff was individually engaged in interstate commerce.

6. In response to Paragraph 6 of the complaint, Defendants are without knowledge as to the identities of other alleged but unnamed "similarly situated" employees and therefore deny same and demand strict proof thereof. Defendants further admit that Plaintiff is attempting to bring this action on behalf of similarly situated persons pursuant to the FLSA but deny that such persons are entitled to any relief thereunder.

7. In response to Paragraph 7 of the Complaint, Defendants admit that Plaintiff is attempting to bring this action pursuant to the FLSA for alleged unpaid overtime hours worked but deny that Plaintiff worked overtime hours for which he is entitled to additional pay. Neither Defendants nor Plaintiff are covered by the FLSA. Defendants are without knowledge as to the identities of other alleged but unnamed "similarly situated" employees and therefore deny same and demand strict proof thereof. Defendants further deny that such "similarly situated" persons are entitled to any relief.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Plaintiff may have occasionally worked more than forty (40) hours per week.

9. In response to Paragraph 9 of the Complaint, Defendants are without knowledge as to the identities of other alleged but unnamed "similarly situated" employees and therefore deny the allegations and demand strict proof thereof.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint as they pertain to Plaintiff. Defendants are without knowledge as to the identities of other alleged but unnamed "similarly situated" employees and therefore deny the allegations and demand strict proof thereof.

11. Defendants admit that they have records of the hours worked by Plaintiff and compensation paid to Plaintiff. Defendants are without knowledge as to the identities of other alleged but unnamed "similarly situated" employees and therefore deny the allegations and demand strict proof thereof.

12. Defendants incorporate and reallege all allegations and denials contained in Paragraphs 1 through 11 above.

13. Defendants deny that Plaintiff was entitled to time and one-half his regular rate of pay for overtime hours. Defendants are without knowledge as to the identities of other alleged but unnamed "similarly situated" employees and therefore deny the allegations and demand strict proof thereof.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint. Defendants also deny that there are similarly situated employees, as alleged by Plaintiff, and demand strict proof as to the identity of such alleged individuals.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint. Defendants also deny that there are similarly situated employees, as alleged by Plaintiff, and demand strict proof as to the identity of such alleged individuals.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit that Plaintiff has demanded a jury trial.

As to the WHEREFORE clause following Paragraph 17 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever and specifically deny that Plaintiff is entitled to the relief enumerated therein and liquidated damages. Defendants also deny that there are similarly situated employees, as alleged by Plaintiff, and demand strict proof as to the identity of such alleged individuals.  Defendants demand judgment against Plaintiff for all attorney's fees and costs incurred.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses and without conceding that Defendants bears the burden of proof or persuasion as to any of them, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was paid for all hours worked in accordance with applicable statutes.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and/or Defendant are not subject to and/or are exempt under applicable statutes. Defendant had gross sales of less than $500,000.  Plaintiff was not individually engaged in interstate commerce.  Plaintiff was an independent contractor.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or Defendant are not employees or employers under the applicable statutes. Defendant had gross sales of less than $500,000. Plaintiff was not individually engaged in interstate commerce. Plaintiff was an independent contractor.

### FIFTH AFFIRMATIVE DEFENSE

The action and/or the damages claimed in this action are barred by Plaintiff's failure to provide notice of any alleged unlawful pay practice.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

The action and/or the damages claimed in this action are barred by res judicata, waiver, estoppel (collateral or otherwise), laches, satisfaction, release or agreement.

### EIGHTH AFFIRMATIVE DEFENSE

The damages Plaintiff may recover in this action are restricted by the statutes and acts which form the basis for the cause of action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages because Defendants did not willfully or otherwise violate the law; and, if any violation is established, Defendants had a good faith belief that they were in compliance with the law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to file suit within the applicable statute of limitations period.

## ELEVENTH AFFIRMATIVE DEFENSE

The amounts owed, if any, are *de minimus* and may be cured.

## TWELFTH AFFIRMATIVE DEFENSE

The number of hours claimed by Defendant should be reduced and Plaintiff's claims should be denied due to Plaintiff's unclean hands and fraud.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to state additional affirmative defenses as discovery may reveal.

WHEREFORE, having fully answered the Complaint herein and having raised affirmative defenses thereto, Defendants request that the instant action be dismissed and that Defendants be awarded costs, expenses and reasonable attorney's fees incurred in defense hereof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been furnished to: Keith Michael Stern, Esq., The Shavitz Law Group, P.A., 7800 Congress Avenue, Suite 108, Boca Raton, Florida  33487-1350, by U.S. mail on this 26th day of June, 2006.

Respectfully submitted,

s/Todd W. Shulby, Esq.
TODD W. SHULBY, ESQ.
Florida Bar No.: 068365
TODD W. SHULBY, P.A.
12555 Orange Drive, Suite 270
Davie, Florida  33330-4304
Telephone:  (954) 862-1770
Facsimile:  (954) 862-1769
Counsel for Defendants